```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

MELISSA CARRIE EVANS,

       Plaintiff,

v.                                            Civil Action No. 5:11CV78
                                                          (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>AFFIRMING AND ADOPTING REPORT AND</u>**
**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Procedural History</u>

     The plaintiff, Melissa Carrie Evans, protectively filed an application under Title XVI of the Social Security Act for Supplemental Security Income ("SSI") benefits, alleging disability that began on November 2, 2005. This claim was denied on October 23, 2007. On March 10, 2008, the plaintiff protectively filed a second application for SSI benefits. This claim was also denied. On February 26, 2009, the plaintiff filed a written request for a hearing, which was held before an Administrative Law Judge ("ALJ") on May 12, 2010. The plaintiff, represented by counsel, appeared and testified at the hearing, as did an impartial vocational expert ("VE"). The ALJ ultimately issued an unfavorable decision to the plaintiff, finding that she was not disabled within the meaning of the Social Security Act. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision final.

The plaintiff filed this complaint against the Commissioner of Social Security to obtain judicial review of the final decision denying her claims for SSI benefits.

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Both the plaintiff and the defendant filed motions for summary judgment.  On October 14, 2011, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that the decision of the Commissioner be affirmed.  Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen (14) days after being served with a copy of the report.  Neither party filed objections.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 458 F.

Supp. 825 (E.D. Cal. 1979). In this case, no party filed objections to the report and recommendation, thus, the plaintiff waived her right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

In her motion for summary judgment, the plaintiff alleges that the ALJ erred by: (1) improperly evaluating the opinion of her treating physician, Dr. Siavashi; (2) discounting her credibility without providing specific reasons supported by evidence; and (3) finding that she is capable of work existing in substantial numbers in the national economy. According to the plaintiff, there is substantial evidence proving that she is disabled within the meaning of the Social Security Act.

In his motion for summary judgment, the defendant argues that substantial evidence supports the ALJ's finding that the plaintiff could perform the work identified by the VE. Specifically, the defendant asserts: (1) the ALJ properly evaluated the opinion of Dr. Siavashi; (2) the ALJ's credibility determination should not be disturbed; and (3) the ALJ's Step Five determination is supported by substantial evidence.

In his report and recommendation, the magistrate judge first discusses the disability standard under the Social Security Act and

the five-step evaluation process used by the Social Security Administration to determine if a claimant is disabled. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520; 416.920. The magistrate judge then reviewed each of the ALJ's findings, concluding: (1) the ALJ properly evaluated Dr. Siavashi's opinion; (2) substantial evidence supports the ALJ's credibility determination; and (3) substantial evidence supports the ALJ's Step Five determination that the plaintiff is capable of work.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

With regard to the ALJ's credibility analysis of Dr. Siavashi, this Court agrees with the magistrate judge and finds that substantial evidence supports the ALJ's decision not to assign controlling weight to the opinions of Dr. Siavashi. The letter submitted by Dr. Siavashi to the Appeals Council after the ALJ's

unfavorable decision, in which he opines that the plaintiff is not suitable for work, is inconsistent with his own notes, as well as other medical evidence contained in the record.  Because of these inconsistencies, the letter does not undermine the substantial evidence supporting the ALJ's decision, and this Court finds no clear error in the magistrate judge's determination that the plaintiff's first assignment of error is without merit.

Next, the magistrate judge turned to the ALJ's credibility determination, finding that substantial evidence supports the ALJ's determination that the plaintiff is not entirely credible.  This Court agrees.  The inconsistencies between the plaintiff's testimony and the evidence contained in the record support the ALJ's determination that the plaintiff was not entirely credible in describing her symptoms, pain, and impairments.  Further, there is nothing in the record to suggest that the ALJ's credibility determination is patently wrong.  See Kenney v. Astrue, No. 5:11CV29, 2011 WL 4346306 (N.D. W. Va. Aug. 26, 2011) ("We will reverse an ALJ's credibility determination only if the claimant can show it was patently wrong.") (internal quotations omitted).

In his report and recommendation, the magistrate judge also concluded that substantial evidence supports the ALJ's Step Five determination that the plaintiff is capable of work existing in substantial numbers in the national economy.  This Court finds no clear error in this determination.  In this case, the ALJ submitted

a hypothetical to the VE in which he asked what jobs would be available if the plaintiff's testimony were considered credible and if her impairments were as intense and frequent as she testified. The VE responded that such a person would not be capable of working. However, as the magistrate judge stated, the ALJ was not required to accept the answer of the VE to a hypothetical that contains limitations not adopted by the ALJ. See Hammond v. Apfel, 5 F. App'x 101, 105 (4th Cir. 2001) ("Based on an evaluation of the evidence, the ALJ was free to accept or reject restrictive hypothetical questions."). Because the ALJ found the plaintiff to be not entirely credible, he did not adopt the limitations contained in the second hypothetical.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision denying the plaintiff's application for SSI benefits is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV.  Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. Accordingly, the defendant's motion for summary

judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED.  It is further ORDERED that this case be DISMISSED with PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     November 1, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE